UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BIOLA R KASALI, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:17-CV-3402 |
| | § | |
| FBI, | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

Pending before the Court in the above referenced cause, seeking relief from alleged harms inflicted by the Federal Bureau of Investigation ("FBI"), is Defendant FBI's Motion to Substitute the United States of America as the proper defendant and the United States of America's Motion to Dismiss Plaintiff Biola R. Kasali's ("Kasali") Original Complaint, Doc. 3 (collectively, "Motions"), under Federal Rule of Civil Procedure 12(b)(1) because Kasali did not exhaust her administrative remedies and under Rule 12(b)(6) because Kasali does not state a claim upon which relief may be granted. Kasali did not to respond to the motion. Having considered the filings, record, and law, the Court is of the opinion that the Motions should be granted.

Kasali filed suit, as a pauper, against the "Shadow Gov't (FBI)" in the 127th Harris County District Court under the heading "Defamation of Character," under cause no. 2017-6564. Docs. 1-2 at 1, 1-6. Kasali alleged that she has been "under investigation since 2007," and that she and her family have suffered a laundry list of harm at the FBI's hands, such as "online" "stalking," "carbon monoxide poison," "heart" damage to her son, "liver" damage to one daughter, and "cancer" to another daughter. *Id.* at 1–2. Because Kasali is pro se, we construe her

claims to be personal injury claims under the Federal Torts Claim Act ("FTCA"). 28 U.S.C. § 2674.

The FBI removed this case from the Harris County District Court to this Court on November 7, 2017 under 28 U.S.C. § 1442. Doc. 1. On November 14, 2017, the FBI filed this Motion to substitute and the United States filed to dismiss the case. Doc. 3.

## I. Legal Standard

### A. Pro Se

The district court is to construe liberally the briefs of pro se litigants and to apply less stringent standards to them than to parties represented by counsel. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (reciting the long-established rule that documents filed pro se are to be liberally construed and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers"); *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006); *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995). But "pro se litigants are still expected to brief the issues and reasonably comply with the requirements of the Federal Rules of Civil Procedure." *Bivins v. Miss. Reg'/ Hous. Auth. VIII*, No. 15-60484, 2016 WL 612069, at *1 (5th Cir. Feb. 15, 2016) (per curiam) (unpublished) (citing *Grant,* 59 F.3d at 524); *E.E.O.C. v. Simbaki, Ltd*, 767 F.3d 475, 484 (5th Cir. 2014), *as revised* (Sept. 18, 2014).

### B. Rule 12(b)(1)

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Randall D. Wolcott, MD, PA v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011)(citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)); FED. R. CIV. P. 12(h)(3).

Rule 12(b)(1) allows a party to move for dismissal of an action for lack of subject matter jurisdiction. The party asserting that subject matter exists, here Kasali, must bear the burden of proof for a 12(b)(1) motion. *Ramming*, 281 F.3d at 161. In reviewing a motion under 12(b)(1) the court may consider (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) is characterized as either a "facial" attack, i.e., the allegations in the complaint are insufficient to invoke federal jurisdiction, or as a "factual" attack, i.e., the facts in the complaint supporting subject matter jurisdiction are questioned. *Blue Water Endeavors, LLC v. AC & Sons, Inc.* (*In re Blue Water Endeavors, LLC*), Ch. 11 Case No. 08-10466, Adv. No. 10-1015, 2011 WL 52525, *3 (E.D. Tex. Jan. 6, 2011) (citing *Rodriguez v. Texas Comm'n of Arts*, 992 F. Supp. 876, 878–79 (N.D. Tex. 1998), *aff'd*, 199 F.3d 199 (5th Cir. 2000)). A facial attack happens when a defendant files a Rule 12(b)(1) motion without accompanying evidence. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). In a facial attack, allegations in the complaint are taken as true. *Blue Water*, 2011 WL 52525 at *3 (citing *Saraw Partnership v. United States*, 67 F.3d 567, 569 (5th Cir. 1995)).

Alternatively, for a factual attack, the Court may consider any evidence (affidavits, testimony, documents, etc.) submitted by the parties that is relevant to the issue of jurisdiction. *Id.* (citing *Irwin v. Veterans Admin.*, 874 F.2d 1092, 1096 (5th Cir. 1989)). A defendant making a factual attack on a complaint may provide supporting affidavits, testimony or other admissible evidence. *Paterson*, 644 F.3d at 523. The plaintiff, to satisfy her burden of proof, may also submit evidence to show by a preponderance of the evidence that subject matter jurisdiction

exists. *Id*. The court's consideration of such matters outside the pleadings does not convert the motion to one for summary judgment under Rule 56(c). *Robinson v. Paulson*, No. H-06-4083, 2008 WL 4692392, *10 (S.D. Tex. Oct. 22, 2008) (citing *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997)). In resolving a factual attack on subject matter jurisdiction under Rule 12(b)(1), the district court, which does not address the merits of the suit,[1] has significant authority "to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Robinson*, 2008 WL 4692392 at *10 (quoting *Garcia*, 104 F.3d at 1261 and citing *Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986)).

### C. Federal Tort Claims Act

The FTCA is the exclusive means for recovery of money damages against the United States in tort, allowing a limited waiver of sovereign immunity, and imposes liability on the United States for personal injuries, death, or injuries to or loss of property caused by the negligent or wrongful act or omission of any government employee while acting within the scope of her office or employment. *Ross v. Runyon*, 858 F.Supp. 630, 634–35 (S.D. Tex. 1994); 28 U.S.C. § 2674. And the exclusive defendant under the FTCA is the United States. *Galvin v.*

---

[1] As the court explained in *Taylor v. Dam*, 244 F. Supp. 2d 747, 753 (S.D. Tex. 2003),

> It is well settled that "a district court has broader power to decide its own right to hear the case than it has when the merits of the case are reached." [*Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981).] "Jurisdictional issues are for the court—not the jury—to decide, whether they hinge on legal or factual determinations. *Id.* To determine whether jurisdiction exists, the court will generally resolve any factual disputes from the pleadings and the affidavits submitted by the parties. *See Espinoza v. Missouri Pac. R.R. Co.*, 754 F.2d 1247, 1248 n.1 (5th Cir. 1985). The court may also conduct an evidentiary hearing and "may hear conflicting written and oral evidence and decide for itself the factual issues which determine jurisdiction." *Williamson*, 645 F.2d at 413; *see Menchaca v. Chrysler Credit Corp.*,613 F.2d 507, 511–12 (5th Cir.), *cert. denied*, 449 U.S. 953 . . . (1980).

*Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988) (mandating dismissal for want of jurisdiction where the United States is not named).

Compliance with the administrative claim process is a jurisdictional prerequisite to filing a lawsuit under the FTCA, *Ross*, 858 F.Supp. at 636, as follows:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a) (emphasis added). "The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies," and a claimant's "fail[ure] to heed that clear statutory command" warrants dismissal of her claim. *McNeil v. United States*, 508 U.S. 106, 113 (1993).

**II. Discussion**

Here, the FBI first requests that the Court substitute the United States for the FBI. *See Galvin*, 860 F.2d at 183; 28 U.S.C. § 2675(a)56 and § 2401(b); Doc. 3. EMS has not filed a response to the motion. Thus, under Local Rule 7.4, the motion is deemed unopposed. Thus, as an initial matter, the Court grant's the FBI's request that the United States of America be substituted into the case for the FBI.

The United States then asserts that this Court lacks jurisdiction to hear Kasali's claim because Kasali did not exhaust her administrative remedies under the FTCA, *See id.*; 28 U.S.C. § 2675(a)56 and § 2401(b); Fed. R. Civ. P. 12(b)(1), and that Kasali failed to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6); Doc. 3. The United Sates does not attach documentary evidence to its motion, and so this motion can be interpreted as a facial attack

contending that Kasali has failed to plead an essential element of her claim, exhaustion of remedies.

Presuming all of Kasali's allegations as true, the Court finds that Kasali does not allege that she exhausted her administrative remedies. *See Blue Water*, 2011 WL 52525 at *3 (citing *Saraw*, 67 F.3d at 569). And the failure to exhaust administrative remedies warrants dismissal of her claim. *See McNeil*, 508 U.S. at 113. Thus, the Court finds that it lacks jurisdiction to hear Kasali's complaint. *See Ross*, 858 F.Supp. at 636.

Having found that the Court lacks jurisdiction, the Court need not address the United States' 12(b)(6) issue.

### III. Conclusion

Accordingly, the Court

**ORDERS** that the United States of America be substituted into the case for the FBI.

**IT IS FURTHER ORDERED** that Defendant's motion to dismiss under Rules 12(b)(1) is **GRANTED** without prejudice.

SIGNED at Houston, Texas, this 12th day of December, 2017.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE